[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lundeen v. Turner*, Slip Opinion No. 2021-Ohio-1533.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-1533

LUNDEEN, APPELLANT, *v*. TURNER, JUDGE, ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lundeen v. Turner*, Slip Opinion No. 2021-Ohio-1533.]

*Prohibition—Subject-matter jurisdiction—Writ of prohibition sought to prevent enforcement of foreclosure judgment based on insufficient-service claims— Appellant had adequate remedy in ordinary course of law—Court of appeals' dismissal of writ affirmed.*

(No. 2020-0356—Submitted January 26, 2021—Decided May 5, 2021.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 109240, 2020-Ohio-274.

_____

**Per Curiam.**

{¶ 1} Appellant, Cynthia Lundeen, brought this action in the Eighth District Court of Appeals seeking a writ of prohibition to prevent the enforcement of a foreclosure judgment against her.  As the primary ground for relief, she stated that she had not been timely served in the foreclosure action.  The court of appeals

dismissed Lundeen's prohibition complaint sua sponte, in part because Lundeen had an adequate remedy at law through her appeal from the foreclosure judgment. We agree, and we therefore affirm.

## I. FACTUAL BACKGROUND

### A. Course of proceedings in the foreclosure action

{¶ 2} In 2016, Wells Fargo Bank, N.A., filed a foreclosure action against Lundeen. *Wells Fargo Bank, N.A. v. Lundeen*, Cuyahoga C.P. No. C-16-856890 (Apr. 13, 2018). Wells Fargo amended its complaint three times, and certified-mail service of the third amended complaint failed in late 2016. The clerk of the Cuyahoga County Court of Common Pleas accomplished ordinary-mail service on January 18, 2017. *See* Civ.R. 4.6(D). The docket reflected no return of the mailing as undeliverable.

{¶ 3} "When entertaining a motion to dismiss a writ complaint, a court may take notice of the docket and record in a closely related case to determine whether the current complaint states a claim for relief." *State ex rel. Neguse v. McIntosh*, 161 Ohio St.3d 125, 2020-Ohio-3533, 161 N.E.3d 571, ¶ 18. The online docket in the foreclosure case shows that Lundeen filed a Civ.R. 12(B)(6) motion to dismiss the foreclosure case, which was denied. Later, Lundeen filed a second motion to dismiss predicated on Civ.R. 12(H)(3); that motion was also denied.

{¶ 4} Although Lundeen's first motion to dismiss was denied on January 8, 2018, she did not file an answer in the case within 14 days as required by Civ.R. 12(A)(2)(a).

{¶ 5} On February 14, 2018, the magistrate entered her decision granting summary judgment to Wells Fargo, and Lundeen did not timely file objections to the decision. *See Wells Fargo Bank, N.A. v. Lundeen*, 8th Dist. Cuyahoga No. 107184, 2020-Ohio-28, ¶ 8, *appeal not accepted*, 160 Ohio St.3d 1420, 2020-Ohio-4811, 154 N.E.3d 105. On April 13, 2018, the common pleas court adopted the magistrate's decision and entered a final judgment of foreclosure against Lundeen.

Thereafter, Lundeen filed a belated objection to the magistrate's decision and a belated answer, both of which the court struck as untimely. Neither Lundeen's motion to dismiss, nor any other prejudgment motions filed by Lundeen, nor her untimely filed answer, raised personal-jurisdiction or insufficiency-of-service defenses. *Id*. at ¶ 6, 15, 16. Even Lundeen's motion for relief from judgment, which invoked Civ.R. 60(B)(1) and the common-law power of a court to vacate its own void orders, made no mention of any insufficiency in the service of the complaint. Lundeen did mention the service issue in a postjudgment "motion to dismiss" that she filed on May 9, 2018, four days before she appealed the foreclosure judgment.

{¶ 6} On May 13, 2018, Lundeen appealed the judgment of foreclosure to the Eighth District, arguing in part that the trial court lacked jurisdiction over her because she had not been properly served. The court of appeals determined that Lundeen had waived the service issue. *Id.* at ¶ 16.

### B. The 2018 prohibition action

{¶ 7} In 2018, Lundeen filed a prohibition action in the Eighth District against Judge Janet Burnside, who had entered the foreclosure judgment. Lundeen had just appealed the judgment of foreclosure and she sought to prevent the foreclosure sale through the writ action. The court of appeals dismissed the action sua sponte. *State ex rel. Lundeen v. Burnside*, 8th Dist. Cuyahoga No. 107657, 2018-Ohio-4122, ¶ 1, 3. The court of appeals predicated its dismissal on the common pleas court's possessing subject-matter jurisdiction over the foreclosure case and the fact that Lundeen had an adequate remedy at law through appeal. *Id.* at ¶ 2, 3.

### C. Course of proceedings in this action

{¶ 8} On November 27, 2019, Lundeen filed the present prohibition action in the court of appeals against Judge Burnside's successor, Judge Deborah Turner, and the county sheriff, asserting that Wells Fargo had failed to obtain service within

one year of filing the complaint. Lundeen also contended that, with respect to Wells Fargo's standing to maintain a foreclosure action, the bank had offered documentation that allegedly lacked evidentiary character. Lundeen sought an emergency alternative writ preventing the imminent sheriff's sale of the property at issue, which had been scheduled for December 2, 2019.

{¶ 9} The court of appeals issued an alternative writ staying the sheriff's sale during the pendency of the action, but on January 24, 2020, it dismissed the cause sua sponte and vacated the alternative writ.[1] The court of appeals held that the present action was moot because the court had decided the same issues against Lundeen in her appeal of the judgment in the foreclosure action as well as in her 2018 prohibition action. The court also held that the appeal in the foreclosure action constituted an adequate remedy, precluding extraordinary relief.

{¶ 10} Lundeen sought reconsideration and asked the court of appeals to take judicial notice of the affidavit she had attached to her prohibition complaint—specifically, her averment that she had not been served with any of the versions of the complaint filed by Wells Fargo in the foreclosure case. The court of appeals denied reconsideration. Lundeen has appealed as of right.

## II. ANALYSIS

{¶ 11} To demonstrate entitlement to a writ of prohibition, Lundeen must show (1) that Judge Burnside exercised judicial power in the foreclosure case, (2) that Judge Burnside's exercise of judicial power was unauthorized by law, and (3) that denying the writ would result in an injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Greene Cty. Bd. of Commrs. v.*

---

1. The court of appeals also denied Wells Fargo's motion to intervene as moot in light of the sua sponte dismissal. Wells Fargo has filed a brief as an appellee in this court. Although the denial of intervention below deprives Wells Fargo of standing to file a merit brief in this court, we will consider the bank's brief as an amicus brief supporting the appellees. *See State ex rel. Citizen Action for a Livable Montgomery v. Hamilton Cty. Bd. of Elections*, 115 Ohio St.3d 437, 2007-Ohio-5379, 875 N.E.2d 902, ¶ 24.

*O'Diam*, 156 Ohio St.3d 458, 2019-Ohio-1676, 129 N.E.3d 393, ¶ 16. Sua sponte dismissal by a court of appeals is proper "if the complaint 'is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint.' " *State ex rel. Kerr v. Pollex*, 159 Ohio St.3d 317, 2020-Ohio-411, 150 N.E.3d 907, ¶ 5, quoting *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14. Here the court of appeals dismissed the complaint because it determined that Lundeen "obviously [could not] prevail in the present action"; it deemed Lundeen's claims moot and alternatively found that she had an adequate remedy at law. 2020-Ohio-274, ¶ 8, 10.

{¶ 12} In this appeal, Lundeen advances 14 propositions of law. They can be grouped into four arguments. First, Lundeen argues that she has rebutted a presumption of service by ordinary mail and that she has thereby demonstrated that the trial court never obtained personal jurisdiction over her. Second, Lundeen contends that the foreclosure action was never "commenced" against her for purposes of Civ.R. 3(A) and R.C. 2305.17 because Wells Fargo failed to obtain service on her within one year from the filing of the complaint. Third, Lundeen argues that the foreclosure judgment is void because Wells Fargo lacked standing to bring that action. Fourth, Lundeen contends that there was a procedural error in the trial court with respect to the magistrate's decision.

**A. Lundeen's cause of action was not moot**

{¶ 13} The court of appeals erred by holding that the prohibition action was moot. "Cases are not moot when an actual controversy exists between adverse litigants." *State ex rel. The Plain Dealer v. Ohio Dept. of Ins.*, 80 Ohio St.3d 513, 517-518, 687 N.E.2d 661 (1997), *superseded by statute on other grounds as stated in State ex rel. Besser v. Ohio State Univ.*, 89 Ohio St.3d 396, 732 N.E.2d 373 (2000). Because the record does not show that Lundeen's claims evaporated by virtue of the sale of the property or by the expiration of other interests that Lundeen

may have had in the foreclosure case, this prohibition action has not been shown to be moot.

{¶ 14} The court of appeals predicated its determination of mootness on the fact that "Lundeen's claim that respondent judge lacks jurisdiction based on the failure of Wells Fargo to properly perfect service on her in the Foreclosure Case has been rejected by this court in the [appeal of the foreclosure case]." 2020-Ohio-274 at ¶ 7. That fact relates not to mootness, however, but to whether the prohibition claim is precluded under the doctrines of res judicata or collateral estoppel. *See State ex rel. Armatas v. Plain Twp. Bd. of Zoning Appeals*, 160 Ohio St.3d 161, 2020-Ohio-2973, 154 N.E.3d 74, ¶ 9 (res judicata bars a second action when a court of competent jurisdiction has already entered a valid, final judgment in an earlier action involving the same parties and arising out of the same transaction or occurrence); *Warrensville Hts. City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 152 Ohio St.3d 277, 2017-Ohio-8845, 95 N.E.3d 359, ¶ 9 (collateral estoppel precludes relitigating in a second action an issue that has been actually and necessarily litigated and determined in a prior action). And res judicata is usually not a proper basis for a dismissal for failure to state a claim. *See Neguse*, 161 Ohio St.3d 125, 2020-Ohio-3533, 161 N.E.3d 571, at ¶ 10.

**B. Lundeen's opportunity to assert service and personal-jurisdiction defenses in the foreclosure case and on appeal was an adequate remedy at law**

{¶ 15} Although the court of appeals erred in its mootness determination, we agree with its second stated ground for sua sponte dismissal. Lundeen had a fully adequate remedy in the opportunity to assert her personal-jurisdiction and insufficient-service defenses in her Civ.R. 12(B) motion in the foreclosure case— and if she had asserted them and they had been rejected by the trial court, she could have pursued them further on appeal.

6

*1. The ordinary course of law provides adequate remedies for insufficient service, which is an issue of personal rather than subject-matter jurisdiction*

{¶ 16} Prohibition will usually lie only when a court acts or attempts to act in the absence of subject-matter jurisdiction. *See State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73-74, 701 N.E.2d 1002 (1998). In limited circumstances, however, we have recognized that prohibition may lie based on a lack of personal jurisdiction. *See State ex rel. Connor v. McGough*, 46 Ohio St.3d 188, 546 N.E.2d 407 (1989) (writ of prohibition granted to bar an Ohio civil action for wrongful death, because the accident occurred in Germany and the defendant was a resident of Germany with no contacts with Ohio).

{¶ 17} This exception is very limited. When a prohibition claim is predicated on defective service, "[i]f contested allegations of defective service of process are not premised upon a complete failure to comply with the minimum-contacts requirement of constitutional due process, prohibition does not lie." *State ex rel. Suburban Constr. Co. v. Skok*, 85 Ohio St.3d 645, 646, 710 N.E.2d 710 (1999); *see also State ex rel. Downs v. Panioto*, 107 Ohio St.3d 347, 2006-Ohio-8, 839 N.E.2d 911, ¶ 28.

{¶ 18} Moreover, to the extent that a failure of service deprives a trial court of jurisdiction to proceed, even a defendant with no actual notice of the pending action may obtain relief directly from the trial court by petitioning the trial court to vacate the judgment on the ground that she was not properly served. *See Lincoln Tavern, Inc. v. Snader*, 165 Ohio St. 61, 65, 69, 133 N.E.2d 606 (1956); *TCC Mgt., Inc. v. Clapp*, 10th Dist. Franklin No. 05AP-42, 2005-Ohio-4357, ¶ 9-10; *accord Patton v. Diemer*, 35 Ohio St.3d 68, 70, 518 N.E.2d 941 (1988) (holding that a trial court has inherent authority to vacate its own void judgments).

{¶ 19} On the other hand, when a defendant such as Lundeen does have notice of the lawsuit against her, she may raise the failure of service right away by asserting lack of personal jurisdiction and insufficiency of service as permitted by

the civil rules. "[W]hen the affirmative defense of insufficiency of service of process is properly raised and properly preserved, a party's active participation in litigation of a case does not constitute waiver of that defense." *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, ¶ 11. Indeed, "[t]he only way in which a party can voluntarily submit to a court's jurisdiction * * * is by failing to raise the defense of insufficiency of service of process in a responsive pleading or by filing certain motions before any pleading." *Id.* at ¶ 13.

{¶ 20} The present case exemplifies the adequacy of Lundeen's remedy, even as it also shows that a litigant may waive that remedy. To use the language we used in *Gliozzo*, Lundeen voluntarily submitted to the jurisdiction of the common pleas court in the foreclosure action by filing a Civ.R. 12(B) motion to dismiss without asserting insufficiency of service or lack of personal jurisdiction as a defense. *Wells Fargo*, 2020-Ohio-28, at ¶ 13-15.

{¶ 21} Lundeen cites *Maryhew v. Yova*, 11 Ohio St.3d 154, 464 N.E.2d 538 (1984), but that case undermines her position. Unlike Lundeen, the defendants in *Maryhew* did assert lack of personal jurisdiction and insufficiency of service in their motion to dismiss. Thus, unlike Lundeen, they did not waive those defenses and submit to the trial court's jurisdiction.

{¶ 22} The foregoing discussion establishes why Lundeen's claim that she was never in fact served cannot be the basis for a writ of prohibition in this case. Lundeen argues that the ordinary-mail service of the third amended complaint in the foreclosure case did not actually reach her. Lundeen attached an affidavit to her complaint in this case that recites, "I was never served with the complaint or any of the subsequent amended complaints," and she contends that her affidavit has rebutted the presumption of ordinary-mail service. *See* Civ.R. 4.6(D) (service "deemed complete when the fact of mailing is entered of record"); *TCC Mgt.*, 2005-Ohio-4357, at ¶ 13-14 (in the context of a motion to vacate a void judgment, the

presumption of service may be rebutted by evidence demonstrating nonservice). But prohibition cannot lie, because Lundeen had an adequate remedy for a failure of service either by raising the issue in the foreclosure case and on appeal or by filing a postjudgment motion to vacate a void judgment.[2]

2. *"Failure to commence" a civil action does not constitute a separate jurisdictional defense from a failure of service*

{¶ 23} The premise of several of Lundeen's propositions of law is that a plaintiff's "failure to commence" an action by failing to achieve timely service is a special and different defense from lack of personal jurisdiction and insufficiency of service. The argument relies on Civ.R. 3(A), which provides that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *." *See also* R.C. 2305.17 ("An action is commenced * * * by filing a petition in the office of the clerk of the proper court together with a praecipe demanding that summons issue or an affidavit for service by publication, if service is obtained within one year").

{¶ 24} We do not agree that a "failure to commence" is a separate defense. "The upshot of [Civ.R. 3(A) and R.C. 2305.17] is that to comply with the statute of limitations, an action must be 'commenced' within the limitations period," and commencement "occurs when the action is filed within the limitations period and service is obtained within one year of that filing." *Moore v. Mt. Carmel Health Sys.*, 162 Ohio St.3d 106, 2020-Ohio-4113, 164 N.E.3d 376, ¶ 16. None of the cases Lundeen cites supports her theory that a "failure to commence" is a defense separate from a statute-of-limitations defense, nor do they establish that a "failure

---

2. Notably, a motion to vacate based on insufficient service would have no merit here. As discussed, Lundeen waived the service issue and submitted to the jurisdiction of the common pleas court when she filed a motion to dismiss in the foreclosure case without asserting insufficiency of service. *See Wells Fargo*, 2020-Ohio-28, at ¶ 15-16. Because Lundeen submitted to the trial court's jurisdiction, its judgment could not be void due to an alleged insufficiency do the service of process.

to commence" affects the subject-matter jurisdiction of the court. Lundeen's argument in this regard is therefore not a basis for obtaining a writ of prohibition.

*3. Lundeen's remedies at law were adequate with respect to her claims of lack of standing and procedural error*

{¶ 25} Lundeen asserts that the trial court lacked jurisdiction over the foreclosure action because Wells Fargo did not prove its standing to maintain the action. But a plaintiff's alleged lack of standing to sue on a note and maintain a foreclosure action does not affect the subject-matter jurisdiction of a common pleas court to entertain a foreclosure action. *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 22-23. Moreover, Lundeen had an adequate remedy in her pursuit of an appeal from the common pleas court's rejection of her standing arguments. Lack of standing in this context is therefore not a basis for relief in prohibition.

{¶ 26} Finally, the claim of procedural error that Lundeen raises regarding the magistrate's decision forms no basis for relief in prohibition, because it does not concern the jurisdiction of the trial court and because Lundeen had an adequate remedy through the appeal of the foreclosure judgment.

## III. CONCLUSION

{¶ 27} For the foregoing reasons, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Cynthia Lundeen, pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Michael J. Stewart, Assistant Prosecuting Attorney, for appellees.

Thompson Hine, L.L.P., and Scott A. King, urging affirmance for amicus curiae, Wells Fargo Bank, N.A.

_____