[Cite as *State ex rel. Crenshaw v. King*, 2021-Ohio-4433.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

THE STATE EX REL., MARIAH S.
CRENSHAW,                                          :

      Relator,                                    :

                                      No. 111093

      v.                                            :

BRANDON KING MAYOR OF THE
CITY OF EAST CLEVELAND,                     :

      Respondent.                               :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** December 14, 2021

---

Writ of Mandamus
Order No. 551115

---

***Appearances:***

Mariah S. Crenshaw, *pro se.*

MARY J. BOYLE, A.J.:

{¶ 1} Relator, Mariah S. Crenshaw, requests a writ of mandamus and injunctive relief directing respondent, Brandon King, mayor of East Cleveland, to refrain from wrongfully destroying public records. She also seeks a monetary award for forfeiture, spoliation, and statutory damages in the amount of $100,000, and

costs in this action for the past wrongful destruction of records. We sua sponte dismiss the action pursuant to Civ.R. 12(B)(1) and 12(B)(6).

## I. Background

{¶ 2} On December 9, 2021, Crenshaw filed the complaint where she alleged that King and his administration destroyed public records in violation of R.C. 149.39 and 149.381. She alleged that King has failed to establish or properly maintain a records commission and has violated laws governing the preservation and destruction of public records. She further alleged that King has failed to adequately document records that have been destroyed, failed to obtain certificates of disposal of public records, and failed to comply with provisions that require notice to the Ohio History Connection before records are destroyed.

{¶ 3} The complaint asked for four forms of relief, apart from a separate claim for costs in this action:

1. Relator seeks an immediate injunction to cease the removal, transference, and destruction of public records within the custody of the City of East Cleveland,

2. Relator seeks the City of East Cleveland be sanctioned for violating the laws governing the establishment of a City Records Commission, failure to obtain proper certificates of disposal from such a commission, failure to inform the Western Historical Society and State Auditor of intent to destroy and the actual destruction of public records,

3. Relator seeks forfeiture, spoliation, and statutory damages for the destruction of public records in access [sic] of One Hundred Thousand Dollars ($100,000.00) for an unknown and unspecified amount of records improperly removed, transferred, and destroyed by King's administration,

4. Relator seeks this Court to immediately instruct the Respondent to cease removing and destroying public records and to provide this Court with a complete list of records destroyed since the absence of a Records Commission * * *.

## II. Subject-Matter Jurisdiction

{¶ 4} Civ.R. 12(B)(1) provides for the dismissal of a complaint for "lack of jurisdiction over the subject matter." The issue of subject-matter jurisdiction involves "a court's power to hear and decide a case on the merits and does not relate to the rights of the parties." *Vedder v. Warrensville Hts.*, 8th Dist. Cuyahoga No. 81005, 2002-Ohio-5567, ¶ 14, citing *Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998). A lack of subject-matter jurisdiction can be raised at any time, because "jurisdiction is a condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void." *Suster* at 75, citing *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988). Dismissal for lack of subject-matter jurisdiction requires a court to determine whether any cause of action has been raised in the complaint that the court may hear and decide. *State ex rel. Bush v. Spurlock,* 42 Ohio St.3d 77, 80, 537 N.E.2d 641 (1989).

{¶ 5} Crenshaw's complaint claims violations of certain provisions relating to a governmental office or official's duties relating to the retention and destruction of public records. Specifically, she points to R.C. 149.39 and 149.381. These provisions, along with others, govern the retention, preservation, and destruction of public records. R.C. 149.39 creates a records commission in each municipal

corporation comprised of the chief executive or his or her appointee, the chief fiscal officer, the chief legal officer, and a citizen appointed by the chief executive. The statute goes on to give the commission powers to employ certain persons, sets forth how often the commission must meet, and requires the commission to comply with R.C. 149.381 when disposing of records. R.C. 149.381 provides the manner in which a records commission may dispose of records. The statute, among other things, requires notice to the Ohio History Connection so that this body may select and preserve any records that it considers to be of continuing historical value.

{¶ 6} The statutory scheme also provides a remedy for the wrongful destruction or threatened destruction of public records. R.C. 143.351(A) states,

> All records are the property of the public office concerned and shall not be removed, destroyed, mutilated, transferred, or otherwise damaged or disposed of, in whole or in part, except as provided by law or under the rules adopted by the records commissions provided for under sections 149.38 to 149.42 of the Revised Code or under the records programs established by the boards of trustees of state-supported institutions of higher education under section 149.33 of the Revised Code.

The statute goes on to set forth an exclusive private right of action in the appropriate common pleas court:

> Any person who is aggrieved by the removal, destruction, mutilation, or transfer of, or by other damage to or disposition of a record in violation of division (A) of this section, or by threat of such removal, destruction, mutilation, transfer, or other damage to or disposition of such a record, *may commence either or both of the following in the court of common pleas of the county in which division (A) of this section allegedly was violated or is threatened to be violated*:

(1)  A civil action for injunctive relief to compel compliance with division (A) of this section, and to obtain an award of the reasonable attorney's fees incurred by the person in the civil action;

(2)  A civil action to recover a forfeiture in the amount of one thousand dollars for each violation, but not to exceed a cumulative total of ten thousand dollars, regardless of the number of violations, and to obtain an award of the reasonable attorney's fees incurred by the person in the civil action not to exceed the forfeiture amount recovered.

(Emphasis added.)  R.C. 149.351(B).

{¶ 7}  This statute provides for all the forms of relief that Crenshaw is seeking in this court.[1]  A claim based on the allegedly improper destruction or threatened destruction of public records and seeking the statutorily authorized remedy of injunctive relief and forfeiture may only be brought in a common pleas court.  *See Patriot Water Treatment, LLC v. Ohio Dept. of Natural Resources*, 10th Dist. Franklin No. 13AP-370, 2013-Ohio-5398, ¶ 34.

{¶ 8}  The General Assembly has determined the exclusive remedy for the failure to comply with R.C. 149.351 and the provisions specified in the first section of that statute is to file a civil action in the appropriate common pleas court.  Crenshaw's claims that King has violated R.C. 149.39 and 149.381 and failed to properly dispose of public records clearly fall within the remedy provided by R.C. 149.351.  Therefore, this court lacks subject-matter jurisdiction over these claims.

---

[1] In her second claim for relief, Crenshaw does not specify what "sanctions" she seeks or what sanctions this court has authority to impose.  Her fourth claim for relief is essentially seeking duplicative injunctive relief.

{¶ 9} In her complaint, Crenshaw relies on R.C. 149.43, in part, for her right to bring this action in this court. This statute provides for relief in mandamus filed with this court for anyone aggrieved by a public office or official's failure to promptly prepare and make available a public record. R.C. 149.43(C)(1)(b). Crenshaw does not allege in her complaint that she has requested any records from King and that King has failed to provide those records. Therefore, R.C. 149.43 does not provide a means of asserting the action in this court.

{¶ 10} Crenshaw also relies on our grant of authority in Article IV, Section 3 of the Ohio Constitution to hear original actions in mandamus. However, what her complaint actually seeks is an injunction and monetary damages. This court, generally, does not have jurisdiction to grant injunctive relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 150, 228 N.E.2d 631 (1967), citing *State ex rel. Stine v. McCaw*, 136 Ohio St. 41, 44, 23 N.E.2d 631 (1939). In *Pressley*, the Supreme Court of Ohio held,

> Where a petition filed in the Supreme Court or in the Court of Appeals is in the form of a proceeding in mandamus but the substance of the allegations makes it manifest that the real object of the relator is for an injunction, such a petition does not state a cause of action in mandamus and since neither the Supreme Court nor the Court of Appeals has original jurisdiction in injunction the action must be dismissed for want of jurisdiction.

*Id.* at paragraph four of the syllabus.

{¶ 11} Crenshaw's complaint specifically seeks an injunction to prohibit the future allegedly improper disposition of public records and for the type of damages set forth in R.C. 149.351 for the past destruction of records, including unspecified

sanctions for the same conduct. These are claims for which the General Assembly has provided a specific remedy. "'Where the General Assembly by statute creates a new right and at the same time prescribes remedies or penalties for its violation, the courts may not intervene and create an additional remedy.'" *State ex rel. Ohio Democratic Party v. Blackwell*, 111 Ohio St.3d 246, 2006-Ohio-5202, 855 N.E.2d 1188, ¶ 37, quoting *Fletcher v. Coney Island, Inc.*, 165 Ohio St. 150, 155, 134 N.E.2d 371 (1956).

{¶ 12} Therefore, Crenshaw's complaint is sua sponte dismissed because we lack subject-matter jurisdiction.

### III. Failure to State a Claim

{¶ 13} Even if Crenshaw's complaint presented a justiciable claim, it would still be subject to sua sponte dismissal pursuant to Civ.R. 12(B)(6).

{¶ 14} A court may dismiss a complaint on its own initiative under this rule when the complaint is frivolous or when it is apparent that the relator obviously cannot prevail based on the facts alleged. *Lundeen v. Turner*, 164 Ohio St.3d 159, 2021-Ohio-1533, 172 N.E.3d 150, ¶ 11, quoting *State ex rel. Kerr v. Pollex*, 159 Ohio St.3d 317, 2020-Ohio-411, 150 N.E.3d 907, ¶ 5, quoting *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14.

{¶ 15} In order for Crenshaw to succeed in mandamus, she is required to show by clear and convincing evidence that she has a clear legal right to the requested relief, that respondent has a clear legal duty to provide the requested relief, and that she has no other adequate remedy at law. *State ex rel. Evans v.*

*Tieman*, 157 Ohio St.3d 99, 2019-Ohio-2411, 131 N.E.3d 930, ¶ 11, citing *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6, 13. Where one has an adequate remedy at law, a complaint is subject to dismissal. *Lundeen* at ¶ 15. To constitute an adequate remedy, "[t]he alternative must be complete, beneficial, and speedy." *State ex rel. Doe v. Gallia Cty. Common Pleas Court*, 153 Ohio St.3d 623, 2018-Ohio-2168, 109 N.E.3d 1222, ¶ 12, citing *State ex rel. Ullmann v. Hayes*, 103 Ohio St.3d 405, 2004-Ohio-5469, 816 N.E.2d 245, ¶ 8.

{¶ 16} In a public records mandamus action brought pursuant to R.C. 149.43, whether a relator has an adequate remedy at law is not at issue because the statute provides that a mandamus action is an appropriate remedy. *State ex rel. CNN, Inc. v. Bellbrook-Sugarcreek Local Schools*, 163 Ohio St.3d 314, 2020-Ohio-5149, 170 N.E.3d 748, ¶ 7, citing *State ex rel. Cincinnati Enquirer v. Pike Cty. Gen. Health Dist.*, 154 Ohio St.3d 297, 2018-Ohio-3721, 114 N.E.3d 152, ¶ 12. But here, Crenshaw is not alleging a violation of R.C. 149.43. The complaint contains no allegation that she requested records and records were not provided. Therefore, her complaint is not founded on R.C. 149.43, and she must demonstrate a lack of other adequate remedies in order to prevail.

{¶ 17} As explained above, the General Assembly has provided a private right of action in a common pleas court of competent jurisdiction to litigate the improper destruction or threatened destruction of public records, including the failure to follow the procedures for disposal set forth in R.C. 149.38 through 149.42. R.C. 149.351(A)-(B). An action commenced pursuant to R.C. 149.351(B) offers the

relief Crenshaw seeks in this action. A civil action in the common pleas court seeking preliminary injunctive relief and monetary damages constitutes timely, beneficial, and complete relief in this case. The common pleas court has authority to issue an injunction, order the preservation of records, force compliance with mandatory statutory provisions, and punish the past improper destruction of records as set forth in the statute.

{¶ 18} Accordingly, Crenshaw's complaint is dismissed. Costs to relator. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR