[Cite as *Moore v. Hodge*, 2019-Ohio-4752.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JANE MOORE, | : | APPEAL NO.  C-180633 |
|   Plaintiff-Appellant, | : | TRIAL NO. A-1603927 |
| vs. | : | *O P I N I O N.* |
| JESSICA HODGE, | : | |
| ISAAC HODGE, | : | |
|   and | : | |
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | : | |
|   Defendants-Appellees, | : | |
|   and | : | |
| ELIAS TSBOURIS, | : | |
| JULIE EICHSTADT, | : | |
|   and | : | |
| HUMANA INSURANCE COMPANY, | : | |
|   Defendants. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: November 20, 2019

*O'Connor Acciani & Levy* and *Kory A. Veletean*, for Plaintiff-Appellant,

*Law Offices of Raymond H. Decker, Jr.*, and *Raymond H. Decker, Jr.*, for Defendants-Appellees Isaac Hodge and Jessica Hodge,

*Rolfes Henry Co. L.P.A., Jerome F. Rolfes* and *Matthew F.X. Craven*, for Defendant-Appellee Nationwide Mutual Fire Insurance Company.



ZAYAS, **Presiding Judge**.

{¶1} Plaintiff-appellant Jane Moore appeals the decision of the trial court granting summary judgment to defendants-appellees Isaac and Jessica Hodge and Nationwide Mutual Fire Insurance Company and dismissing her complaint based upon the doctrine of judicial estoppel. The court determined that Moore was estopped from bringing the claims because she failed to disclose the claims in her bankruptcy filings. For the following reasons, we affirm the trial court's judgment.

### Facts and Procedural History

{¶2} On April 25, 2012, Jane Moore filed for Chapter 13 bankruptcy. On July 19, 2012, her plan was confirmed, and her repayment requirements were set forth. During the pendency of the bankruptcy, Moore was involved in two car accidents. On July 13, 2014, Moore was in a car accident with Elias Tsbouris, and on July 19, 2014, she was in an accident with Jessica Hodge.

{¶3} On July 18, 2014, Moore filed a motion to retain insurance proceeds with the bankruptcy court and notified the court of her receipt of $1,370 in auto insurance proceeds. She asked to retain $744.18 to purchase a new car. The motion was granted. On August 6, 2014, she filed a second motion to retain insurance proceeds, notifying the court that she had received $1,370 as an insurance payout to scrap her damaged 2003 Ford Taurus. She asked to keep $714 to purchase another vehicle, and the request was granted.

{¶4} On November 17, 2015, Moore's bankruptcy was discharged. Her case was finalized on December 10, 2015, and closed on December 29, 2015.

{¶5} On July 11, 2016, Moore filed a complaint against Elias Tsbouris and Julie Eichstadt, the owner of the car Tsbouris was driving, Jessica Hodge and Isaac Hodge, the owner of the car Jessica was driving, Nationwide Mutual Fire Insurance

Company, and Humana Insurance Company. Moore raised several claims related to the car accidents.

{¶6} Both Nationwide and the Hodges filed motions for summary judgment alleging that Moore was judicially estopped from asserting her claims because she did not meet her statutory duty to disclose the claims related to the accidents to the bankruptcy court. After the motions were filed, Moore filed a motion to reopen the bankruptcy case, which was granted.

{¶7} The trial court granted the motions for summary judgment, and dismissed Moore's claims with prejudice against defendants Nationwide and the Hodges. Moore appealed, and this court dismissed the appeal for a lack of a final appealable order because the counterclaims remained unresolved. Subsequently, the parties stipulated that all remaining claims and counterclaims were dismissed, and the trial court issued a revised entry granting the motions for summary judgment. Moore timely appealed asserting that the trial court erred in granting summary judgment on the basis of judicial estoppel because the failure to list her claims on the bankruptcy filings was inadvertent and without a motive to conceal.

**Standard of Review**

{¶8} We review an appeal from summary judgment de novo. *Duell v. City of Cincinnati*, 2018-Ohio-4400, 122 N.E.3d 640, ¶ 3 (1st Dist.). Additionally, we review a trial court's application of the doctrine of equitable estoppel for an abuse of discretion. *See Independence v. Office of the Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, 28 N.E.3d 1182, ¶ 29.

**Judicial Estoppel**

{¶9} The doctrine of judicial estoppel "precludes a party from assuming a position in a legal proceeding inconsistent with a position taken in a prior action." *Advanced Analytics Laboratories, Inc. v. Kegler, Brown, Hill & Ritter, L.P.A.*, 148

Ohio App.3d 440, 2002-Ohio-3328, 773 N.E.2d 1081, ¶ 37 (10th Dist.), citing *Bruck Mfg. Co. v. Mason*, 84 Ohio App.3d 398, 616 N.E.2d 1168 (8th Dist.1992). In order to apply the doctrine of judicial estoppel, the proponent must show that his opponent "(1) took a contrary position; (2) under oath in a prior proceeding; and (3) the prior position was accepted by the court." *Greer-Burger v. Temesi*, 116 Ohio St.3d 324, 2007-Ohio-6442, 879 N.E.2d 174, ¶ 25. The purpose of judicial estoppel is to preserve the integrity of the courts by preventing a party from abusing the judicial process. *Id.*

{¶10} In a bankruptcy proceeding, "[a] debtor seeking shelter under the bankruptcy laws must disclose all assets, or potential assets, to the bankruptcy court." *Chrysler Group, L.L.C. v. Dixon*, 8th Dist. Cuyahoga No. 104628, 2017-Ohio-1161, ¶ 17, 18, citing 11 U.S.C. 521, 541(A)(7). "[T]he duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court." *Chrysler Group* at ¶ 26, quoting *Tennyson v. Challenge Realty (In re Tennyson)*, 313 B.R. 402 (Bankr.W.D.Ky.2004).

{¶11} "A cause of action is an asset that must be scheduled" under federal bankruptcy law. *Chrysler Group* at ¶ 17. The debtor need not " 'know all the facts or even the legal basis for the cause of action, rather, if the debtor has enough information * * * to suggest that it may have a possible cause of action, then it is a "known" cause of action such that it must be disclosed.' " *Id.* at ¶ 19, citing *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir.1999). A debtor's subsequent pursuit of an undisclosed cause of action "creates an inconsistency sufficient to warrant application of judicial estoppel." *Chrysler Group* at ¶ 18.

{¶12} However, "judicial estoppel is not appropriate when a debtor's failure to disclose a claim in a prior bankruptcy proceeding is inadvertent" or due to a "mistake." *Saha v. Research Inst. At Nationwide Children's Hosp.*, 10th Dist.

5

Franklin No. 12AP-590, 2013-Ohio-4203, ¶ 16. An omission may be deemed inadvertent where the debtor lacked knowledge of the factual basis of the undisclosed claims, had no motive for concealment, and the evidence supports an absence of bad faith. *See White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 478 (6th Cir.2010).

{¶13} In this case, Moore admits she was aware of the claims, but mistakenly believed she did not have a duty to disclose the claims. Therefore, her actions should be deemed inadvertent because she had no motive for concealment.

{¶14} However, "[a] motive to conceal claims from the bankruptcy court always exists as a matter of law, since 'it is always in a Chapter 13 petitioner's interest to minimize income and assets.' " *Saha* at ¶ 19, quoting *Lewis v. Weyerhaeuser Co.*, 141 Fed.App. 420, 426 (6th Cir.2005). Because the defendants provided evidence to show Moore's omission, and that she knew the facts underlying her claims and had a motive to conceal, Moore had the burden of establishing an absence of bad faith. *See White* at 478.

{¶15} The "absence of bad faith" inquiry focuses on affirmative actions taken by the debtor to notify the bankruptcy court of the claims. *See Stephenson v. Malloy*, 700 F.3d 265, 274 (6th Cir.2012) (declining to apply judicial estoppel where trustee's affidavits acknowledging awareness of suit presented a factual dispute regarding whether the debtor's omission was in bad faith); *Eubanks v. CBSK Fin. Group., Inc.*, 385 F.3d 894, 895-897 (6th Cir.2004) (declining to apply judicial estoppel where evidence showed that debtor notified trustee of claim, asked trustee to pursue the claim on behalf of the estate, moved for a status conference on the claim, and moved to substitute the trustee as plaintiff in the suit).

{¶16} During the bankruptcy proceeding, Moore did not take "affirmative action to fully inform the court and the trustee of the asset's existence." *See Greer-*

*Burger*, 116 Ohio St.3d 326, 2007-Ohio-6442, 879 N.E.2d 174, at ¶ 29. She did not inform the court until after the issue was raised in litigation, 15 months after the bankruptcy was closed. Courts do not look favorably on efforts to correct an omission that occurs after an opposing party raises the issue. *See White*, 617 F.3d at 481.

{¶17} Given the record before us, we cannot say that the trial court abused its discretion. The record shows that Moore was represented by counsel throughout the bankruptcy proceedings, and that she informed counsel of the proceeds she received for the damage to her car after each accident. Moore did not submit any evidence that she or her bankruptcy attorney informed or attempted to inform the trustee or the bankruptcy court of the claims.

{¶18} Consequently, Moore's actions indicate that the failure to include the claims in the bankruptcy schedule was not mere inadvertence or mistake, and the trial court did not abuse its discretion in finding that judicial estoppel applied to bar Moore's claims.

### Conclusion

{¶19} Accordingly, we overrule the sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**BERGERON** and **WINKLER, JJ.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.