[Cite as *Hunt v. Arboretum Home Owners Assn.*, 2020-Ohio-4947.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| DERICK W. HUNT, | : | |
| Appellee, | : | CASE NO. CA2020-02-025 |
| | : | O P I N I O N |
| - vs - | | 10/19/2020 |
| | : | |
| THE ARBORETUM HOME OWNERS ASSOCIATION, INC., | : | |
| Appellant. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2019-11-2284

David B. Brewer, 110 North Third Street, Hamilton, Ohio 45011, for appellee

Jack F. Grove, 1251 Nilles Road, Suite 10, Fairfield, Ohio 45014 and Joseph L. Beyke, 8561 S. Mason-Montgomery Road, Suite 28, Mason, Ohio 45040, for appellant

**PIPER, J.**

{¶1} Appellant, The Arboretum Homeowners Association, Inc. ("Arboretum HOA") appeals a decision of the Butler County Court of Common Pleas granting default judgment to appellee, Derick Hunt, denying its motion for relief from judgment, and denying its motion

for a temporary restraining order and preliminary injunction.[1]

{¶2}    Hunt filed a complaint for breach of contract and a declaratory judgment action against Arboretum HOA and a former president after Arboretum HOA denied his petition to add a detached garage to his property.  Arboretum HOA denied Hunt's request based upon a limitation in the community's declaration that no outbuilding, temporary or permanent, may be erected or used on lots in the community.

{¶3}    Hunt sent his complaint to Matthew Roesch, Arboretum HOA's previously "registered agent," and listed in the complaint Arboretum HOA's president as Charles Henson.  Roesch once represented Henson and had been appointed statutory agent for Arboretum HOA.  However, Roesch did not sign the certified mail receipt because he had since moved to Colorado and no longer practices law in Ohio.  The law firm Roesch was previously associated with forwarded the complaint to Roesch in Colorado.  Roesch emailed Hunt's counsel to explain his relocation to Colorado, as well as the fact that Charles Henson had passed away and was thus no longer Arboretum HOA's president.

{¶4}    Within the email, Roesch indicated that he had relocated to Colorado, no longer practiced in Ohio, and was unaware of how to contact Arboretum HOA given that his client had passed away.  Roesch requested assistance in forwarding the complaint to Arboretum HOA, but Hunt's counsel did not reply to the email.  Despite the circumstances being explained to Hunt, Hunt sought default judgment without taking further steps to perfect service.

{¶5}    The trial court granted Hunt's motion for default judgment and declared Hunt's right to build the detached garage on his property.  Nine days later, Arboretum HOA moved the trial court for relief from judgment.  It included an affidavit from Matthew Roesch, as well

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar for the purpose of issuing this opinion.

as its current president indicating that his first knowledge of Hunt's suit was three days prior. Arboretum HOA's president also averred that Arboretum HOA was unaware of Roesch's relocation and was unaware of the need to appoint a new statutory agent. Even so, the trial court denied Arboretum HOA's motion for relief from judgment. Arboretum HOA now appeals the trial court's decision, raising two assignments of error. We will address the assignments of error together for ease of discussion.

{¶6} Assignment of Error No. 1:

{¶7} THE COMMON PLEAS COURT ERRED IN GRANTING DEFAULT JUDGMENT AND IN RENDERING DECLARATORY JUDGMENT CONCERNING CONTRACT RIGHTS, WHEN IT FAILED TO CONDUCT AN EVIDENTIARY HEARING, BECAUSE THE COMPLAINT DID NOT HAVE THE OPERATIVE WRITTEN INSTRUMENTS ATTACHED AND THE COURT FAILED TO CONSIDER THE EXPRESS CONTRACT LANGUAGE AND THE TRANSACTION SETTING.

{¶8} Assignment of Error No. 2:

{¶9} THE COMMON PLEAS COURT ERRED IN OVERRULING ARBORETUM HOA'S MOTION FOR RELIEF FROM JUDGMENT.

{¶10} Arboretum HOA argues in its two assignments of error that the trial court erred in granting default judgment, rendering declaratory judgment, and in denying Arboretum HOA's motion for relief from judgment.

{¶11} A judgment rendered in the absence of personal jurisdiction over a defendant is void. *Motorists Mut. Ins. Co. v. Roberts*, 12th Dist. Warren No. CA2013-09-089, 2014-Ohio-1893, ¶ 30. A trial court lacks personal jurisdiction over a defendant if effective service of process has not been made on the defendant and the defendant has not voluntarily appeared in the case or waived service. *Lauver v. Ohio Valley Selective Harvesting, LLC*, 12th Dist. Clermont No. CA2016-11-076, 2017-Ohio-5777, ¶ 15. We review matters of

personal jurisdiction de novo. *Start Skydiving, LLC v. Wiese*, 12th Dist. Butler No. CA2017-04-042, 2017-Ohio-7020.

{¶12} For service of process to be effective, it must comport with the requirements of due process. *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, (1980), syllabus. Due process requires that service of process be accomplished in a manner reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Id.*

{¶13} According to Civ.R. 4.2(F), service upon a corporation may occur "by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation at any of its usual places of business by a method authorized under Civ.R. 4.1 (A)(1); or by serving an officer or a managing or general agent of the corporation." Civ.R. 4.6(A) provides that "all process may be served anywhere in this state and, when authorized by law or these rules, may be served outside this state."

{¶14} R.C. 1702.06(A)(1) requires that an agent who is a natural person be a resident of Ohio and subsection (D) requires the corporation designate a different agent if the original "removes" from Ohio. Should a corporation fail to properly maintain an agent, R.C. 1702.06(H)(2) provides that the party requesting service may file an affidavit with the Secretary of State explaining the circumstances and demonstrating attempts to determine the corporation's most recent address. Once the criteria is met for the affidavit, and the affidavit is filed, service may be obtained upon the Secretary of State.

{¶15} Where a plaintiff follows the Rules of Civil Procedure regarding service of process, a rebuttable presumption of proper service arises. *Lauver*, 2017-Ohio-5777. However, this presumption can be rebutted where a defendant presents sufficient evidence demonstrating that service was not accomplished. *Gaston v. Medina Cty. Bd. of Revision*, 133 Ohio St.3d 18, 2012-Ohio-3872. A failure of service may occur where the defendant

does not receive the summons and complaint, even though the plaintiff attempted to comply with the civil rules with service made at an address where the plaintiff might reasonably anticipate that the defendant would receive it. *Lauver.*

{¶16} After reviewing the record, we find that proper service was never effectuated. There is no dispute that Hunt complied with the rules of civil procedure in serving Roesch, thus giving rise to a rebuttable presumption of proper service. However, and although Matthew Roesch was listed as Arboretum HOA's agent, he was not a resident of Ohio at the time service was attempted and was therefore not a viable agent for Arboretum HOA. See *Runyon v. Hawley*, 9th Dist. Lorain No. 17CA011141, 2018-Ohio-2444 (service of process to a statutory agent who no longer resided in Ohio was not reasonably calculated to reach the defendant, and the affidavit of the former statutory agent presented evidence rebutting the presumption of service).

{¶17} Roesch's uncontroverted affidavit established that he had relocated to Colorado and was no longer an Ohio resident. As such, his affidavit rebutted the presumption of proper service because Roesch was not qualified to receive service of process on behalf of Arboretum HOA after his relocation to Colorado. Hunt was notified of the issue but took no further action to pursue proper service through other means, such as service on the Secretary of State or service on an officer or different agent of Arboretum HOA.[2]

{¶18} After reviewing the record, we find that Hunt failed to effectuate proper service upon Arboretum HOA. We therefore sustain Arboretum HOA's assignments of error and reverse the judgments of the trial court for lack of personal jurisdiction.

{¶19} Judgment reversed and the matter is remanded for further proceedings

---

2. Hunt's counsel could have also extended the courtesy of a reply email once Roesch explained the circumstances.

consistent with this opinion.

M. POWELL, P.J., and RINGLAND, J., concur.