[Cite as *Blon v. Royal Flush, Inc.*, 2022-Ohio-1958.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

THERESA BLON,

Plaintiff-Appellee,

v.

ROYAL FLUSH, INC. AND
BRIAN SWANK,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 BE 0037**

---

Civil Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 21 CV 75

**BEFORE:**
Carol Ann Robb, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Reversed, Vacated; Remanded.

---

*Atty. Timothy B. Pettorini*, Roetzel & Andress, LPA, 222 South Main Street, Suite 400, Akron, Ohio 44308, for Plaintiff-Appellee and

*Atty. Michael R. Proctor*, Bowles Rice LLP, 1800 Main Street, Suite 200, Canonsburg, Pennsylvania 15317, for Defendants-Appellants.

Dated:  June 10, 2022

---

**Robb, J.**

{¶1}   Defendants-Appellants Royal Flush, Inc. and Brian Swank appeal the judgment of the Belmont County Common Pleas Court entered in favor of Plaintiff-Appellee Theresa Blon.  They contend the court lacked personal jurisdiction and should have granted their motion to vacate default judgment as they no longer resided or conducted business at the addresses served.  Alternatively, Appellants contest the damage award, which was entered after the denial of their motion to vacate.  For the following reasons, the trial court's judgment is reversed, the default judgment is vacated, and the case is remanded for the trial court to grant the motion for leave to file an answer.

STATEMENT OF THE CASE

{¶2}   Appellee leased adjacent Barnesville addresses to Royal Flush Inc. for two years under two similar commercial leases. The April 1, 2017 lease was for a steel building to be used as a shop for truck repair with a parking lot for employee and truck parking.  The May 1, 2017 lease was for a modular office on the property, which had additional parking.  The president of the corporation, Brian Swank, signed a personal guarantee for each lease.

{¶3}   On April 22, 2021, Appellee filed suit against Royal Flush for breach of the leases and against Mr. Swank for his personal guarantee.  The complaint alleged Royal Flush failed to pay the last month of rent for the shop and the last two months of rent for the office and caused extensive damage to the office, shop, and surrounding property. Appellee pointed to the following surrender clause at ¶ 30 of the lease:  "At the expiration of the lease term, the Tenant will quit and surrender the premises in as good a state and condition as they were at the commencement of the Lease, reasonable use and wear and damages by the elements excepted."

{¶4}   At all relevant times, Appellants' addresses were in Pennsylvania.  They agree Civ.R. 4.3 allowed out-of-state service.  Appellee initially attempted to serve Royal

Flush by certified mail at the corporate address set forth in the lease (in Spring Church), but this was returned "Unable to Forward."

{¶5} The certified mailing was then sent to Royal Flush's "registered address" (in Carmichaels) which was on file with the Pennsylvania Department of State. The delivery receipt evidencing service was returned to the court on June 2, 2021. *See* Civ.R. 4.1(A)(1) (certified mail service evidenced by return receipt signed by any person). The receipt contained the following information: an illegible signature for the recipient with "COVID 19" written where the name was to be printed; a checked box for receipt by an agent (rather than the addressee); and a May 20, 2021 date of delivery.

{¶6} As to Mr. Swank, Appellee requested certified mail service at the address written on the personal guarantee (in Apollo). The receipt was returned "Unclaimed" on May 18, 2021. Pursuant to Civ.R. 4.6(D), service by ordinary mail was sent to the same address, was not returned, and was thus deemed complete on June 2, 2021, when the fact of mailing was entered on the record.

{¶7} On July 8, 2021, Appellee filed a motion for default judgment, stating the answer date was June 17 for Royal Flush and June 30 for Mr. Swank. The court granted default judgment the next day and set a damages hearing. (7/9/21 J.E.).

{¶8} On August 2, 2021, Appellants filed a motion to vacate default judgment and for leave to file an answer, invoking the court's inherent power to vacate a void judgment for lacking personal jurisdiction.[1] They argued service was deficient because the defendants were no longer associated with the addresses used for service.

{¶9} Mr. Swank's affidavit explained he moved from his residence at the Apollo address in May 2018 and stopped receiving mail there at that time. He said Royal Flush stopped conducting business at the Carmichaels location in January 2020 and leased it to a tenant in April 2021. Citing an attached confirmation email from the post office, Mr. Swank attested Royal Flush filed a request to forward mail from the Carmichaels address on April 12, 2021 (more than a month before the certified mailing was sent to the Carmichaels address). At that time, Royal Flush began using an address in Irwin (which was the address where Mr. Swank began residing six months earlier).

---

[1] They alternatively asked to vacate the judgment under Civ.R. 60(B) but do not maintain this argument on appeal.

**{¶10}** Mr. Swank said they first gained knowledge of the lawsuit on July 20, 2021, when they received mail forwarded to them by the tenant, which included the complaint and the motion for default judgment. He said the tenant at the Carmichaels address had no authority as an agent.

**{¶11}** Appellee's response in opposition argued the rules on service were followed. Counsel's affidavit outlined the facts as to the addresses used and the mailing process. Regarding service on Royal Flush, the affidavit incorporated an exhibit from the Pennsylvania Department of State's website to show the address in Carmichaels was Royal Flush's registered address since May 2019 (when it was changed from the one in the lease). Appellee cited a Pennsylvania statute requiring a registered address and noted the corporation still owned the property at the registered address. Appellee concluded a corporation should not be permitted to claim failure of service after being served at the registered address. Appellee also complained Royal Flush did not change the address with the post office until April 2021 even though they ceased doing business at that address in January 2020. Regarding individual service on Mr. Swank, Appellant argued he did not rebut the presumption of service because he did not provide evidence of a requested address change (as he provided for Royal Flush).

**{¶12}** At the August 6, 2021 hearing on the motion to vacate, the court emphasized Appellee's compliance with the Civil Rules (as the certified mail to Royal Flush was accepted by someone and the certified mail to Mr. Swank was merely unclaimed, which allowed service by ordinary mail and the latter was not returned by the post office). Defense counsel pointed out the addresses used for service were not current. He said Royal Flush checked the mail regularly after it stopped operating at the Carmichaels address in January 2020 but later relied on a belief the mail would be forwarded due to the request filed with the post office in April 2021 (prior to Appellee's filing of this action). When counsel pointed out the 2021 service on Mr. Swank was sent to an address he vacated in 2018, the court said Mr. Swank had plenty of time to change his address. Counsel indicated Mr. Swank did so at that time (three years before the complaint was filed), but he did not still have the documentation. Mr. Swank was present but was not questioned by the court or by either side.

**{¶13}** On August 9, 2021, the court denied the motion to vacate default judgment. At a later damages hearing, Appellee presented testimony from herself, the owner of a garage door company, and the owner of a construction company. The defense conducted cross-examination. The court allowed the parties to submit post-hearing memoranda on damages.[2] On September 10, 2021, the court entered judgment against Appellants for $94,279.42, which corresponded to the amount sought in Appellee's memorandum. Appellants filed a timely notice of appeal.

## PERSONAL JURSIDICTION

**{¶14}** Appellants set forth two assignments of error; the first challenges personal jurisdiction, and the second challenges the amount of damages. The threshold assignment of error contends:

"The Trial Court erred in entering default judgment without acquiring jurisdiction over Defendants."

**{¶15}** "It is axiomatic that for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance, and a judgment rendered without proper service or entry of appearance is a nullity and void." *Lincoln Tavern, Inc. v. Snader*, 165 Ohio St. 61, 64, 133 N.E.2d 606 (1956). A party who can show a judgment is void need not meet the requirements for vacating a voidable judgment in Civ.R. 60(B) and can rely on the trial court's inherent authority to vacate a void judgment. *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph four of the syllabus.

**{¶16}** Appellants do not dispute Appellee was entitled to a presumption of service as to Mr. Swank based on compliance with Civ.R. 4.6(D), allowing for ordinary mail following unclaimed certified mail. They also do not dispute there was a presumption of service as to Royal Flush based on Appellee's compliance with the procedure for service of process in Civ.R. 4.1(A)(1) (certified mail complete when signed by any person) and

---

[2] A defendant does not waive personal jurisdiction by participating in the damages phase where the defendant's initial appearance in the case unsuccessfully challenged service by seeking relief from default judgment prior to the hearing. *Shah v. Simpson*, 10th Dist. Franklin No. 13AP-24, 2014-Ohio-675, ¶ 4-5, 15, 19-21, citing *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, ¶ 13 (the only way a party can voluntarily submit to a court's jurisdiction is by failing to raise the defense of insufficiency of service of process in a responsive pleading or by filing certain motions before any pleading, and thus, a party who initially raises a lack of personal jurisdiction can participate in the case where the trial court implicitly defers ruling on the issue). Appellee does not suggest any such waiver by Appellants.

4.3 (service on out-of-state defendants). "Valid service of process is presumed when the envelope is received by any person at the defendant's address; the recipient need not be an agent of the defendant." *New Co-Operative Co. v. Liquor Control Comm.*, 10th Dist. Franklin No. 01AP-1124, 2002-Ohio-2244, ¶ 8.

**{¶17}** Yet, as the parties agree, the presumption of service *is rebuttable* by a defendant. *See Lincoln Tavern*, 165 Ohio St. at 64 (a defendant may contradict the record showing service and prove the place of service was not in fact his usual place of residence). Due process requires that service of process be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond. *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 406, 406 N.E.2d 811 (1980). "[A] defendant with no actual notice of the pending action may obtain relief directly from the trial court by petitioning the trial court to vacate the judgment on the ground that she was not properly served." *Lundeen v. Turner*, 164 Ohio St.3d 159, 2021-Ohio-1533, 172 N.E.3d 150, ¶ 18.

**{¶18}** "[I]n the context of a motion to vacate a void judgment, the presumption of service may be rebutted by evidence demonstrating nonservice." *Id.* at ¶ 22, citing *TCC Mgt. Inc. v. Clapp*, 10th Dist. Franklin No. 05AP-42, 2005-Ohio-4357 (finding the affidavits submitted by the defendant were unchallenged and the defendant thus overcame the presumption of valid service rendering the judgment void). "One way to defeat the presumption that certified-mail service is valid lies in demonstrating a procedural flaw in the service: use of the wrong address, receipt by someone who is not a proper person * * *." *Gaston v. Medina Cty. Bd. of Revision*, 133 Ohio St.3d 18, 2012-Ohio-3872, 975 N.E.2d 941, ¶ 14, 18, fn.2.

**{¶19}** Regarding our standard of review, the parties cite cases stating the decision as to whether the service presumption was rebutted upon a motion to vacate default judgment is reviewed for an abuse of discretion. *See, e.g., Ross v. Olsavsky*, 7th Dist. Mahoning No. 09 MA 95, 2010-Ohio-1310, ¶ 11-12; *Capital One Bank (USA) NA v. Smith*, 2020-Ohio-1614, 154 N.E.3d 240, ¶ 15 (8th Dist.). Under an abuse of discretion standard, a judgment can be reversed if it was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶20} Appellants also point to case law stating personal jurisdiction is a legal question to be reviewed de novo with no deference to the trial court. *See, e.g., In re Guardianship of Thomas*, 7th Dist. Monroe No. 06MO7, 2008-Ohio-2409, ¶ 24. In the context of whether the plaintiff exercised reasonable diligence before service by publication, we have discussed the various decisions on the standard of review regarding a motion to vacate a void judgment for lack of personal jurisdiction. *Hein Bros. v. Reynolds*, 7th Dist. Belmont No. 21 BE 0017, 2021-Ohio-4633, ¶ 63-68. We pointed out factual decisions are generally left to the court's discretion while legal decisions (including whether the facts meet a legal test) are reviewed de novo. *Id.* at ¶ 68, 93 (concluding there was legally sufficient evidence of reasonable diligence and the factual decisions were supported by competent, credible evidence).

{¶21} Appellants point out service shall be made on an individual when suing an individual defendant. Civ.R. 4.2(A). And, one of the listed places to serve a corporation is "at any of its usual places of business" among other locations. Civ.R. 4.2(F) (service can also be made on domestic or foreign corporation by serving "the agent authorized by appointment or by law to receive service of process" or "an officer or a managing or general agent of the corporation"). Citing these provisions, Appellants urge the presumption was sufficiently rebutted and service was shown to be deficient where the complaint was not received by either defendant because the individual defendant no longer resided at the address used by the plaintiff for service and the corporate defendant no longer operated from the address used by the plaintiff for service. Appellants say the court should have accepted their uncontradicted affidavit demonstrating these facts.

{¶22} Appellee claims she contradicted the affidavit via her response in opposition with counsel's affidavit attached. Yet, as Appellants point out, Appellee merely set forth undisputed items and the basis for using certain addresses. For instance, it was not disputed the address used for Mr. Swank in 2021 was the one in the personal guarantees for the 2017 leases; it was also not disputed the certified mail sent to that address was unclaimed and the subsequent ordinary mail service sent to that address was not returned. Appellee's response did not show Mr. Swank still lived or received mail at that address. Regarding Royal Flush, it was not disputed the corporation changed the registered address from the one in the lease to the Carmichaels address, at which

someone signed the relevant certified mailing. Appellee's response did not contradict the attestation that the corporation no longer maintained that address as a usual place of business or that knowledge of the lawsuit was not obtained until July 20, 2021, when a tenant decided to forward mail received for Royal Flush.

**{¶23}** Appellee points out, in a case where there was strict compliance with the civil rules on service, we said the trial court need not accept as credible a self-serving affidavit claiming the defendant did not receive the summons and said the defendant had the burden at a hearing. *Ross*, 7th Dist. No. 09 MA 95 at ¶ 17-19. However, that case is wholly distinguishable because the certified mailing was sent to the address *where the defendant admitted she lived* and the signature on the receipt was similar to her daughter's name. *Id.* at ¶ 15, 21 (referring to compelling circumstantial evidence of receipt). We specifically distinguished our holding from cases where the certified mailing was sent to an address no longer associated with the defendant. *Id.* at ¶ 20, citing, *e.g.*, *Rafalski v. Oates*, 17 Ohio App.3d 65, 477 N.E.2d 1212 (8th Dist.1984).

**{¶24}** In the cited case, the Eighth District held it was erroneous to disregard unchallenged testimony saying the defendant did not receive service. *Rafalski*, 17 Ohio App.3d at 67. We previously adopted the position in *Rafalski* while holding the trial court should not disregard uncontradicted testimony regarding the failure to receive service. *Carlock v. Coleman*, 7th Dist. Mahoning No. 89 C.A. 121 (Aug. 22, 1990), citing *Hayes v. Kentucky Joint Stock Land Bank of Lexington*, 125 Ohio St. 359, 365, 181 N.E. 542 (1932). "The basic position of Ohio law is that, whenever possible, cases should be decided on their merits." *Id.*

**{¶25}** Similarly, Appellants urge that where an affidavit claims a lack of service due to relocation from the address used for service, the burden shifts to the plaintiff to refute the defense affidavit "with either [her] own affidavit or other evidence, or by requesting a hearing to cross-examine the defendant on his assertion that he did not receive service." *See Runyon v. Hawley*, 9th Dist. Lorain No. 17CA011141, 2018-Ohio-2444, ¶ 22. In affirming the trial court's vacation of default judgment, the Ninth District emphasized the uncontradicted nature of the individual defendant's claim that he was residing in another state at the time of local service. *Id.* at ¶ 24. The court concluded the

plaintiff failed to show the default judgment was valid, as he did not seek to present testimony to refute the defendant's claim regarding his residence.  *Id.* at ¶ 25.

**{¶26}** The *Runyon* court also said a business entity is permitted to rebut the presumption of service on a statutory agent even if the business failed to change its statutory agent with the State of Ohio after the agent moved to another state.  *Id.* at ¶ 26-33.  Even though an Ohio statute required the maintenance of a statutory agent for service of process, the court pointed out a violation of the statute does *not* create an "unrebuttable presumption of service."  *Id.* at ¶ 29, 32; R.C. 1701.07(A),(H) (the corporate statutory agent section).  *See also Hunt v. Arboretum Home Owners Assn.*, 12th Dist. Butler No. CA2020-02-025, 2020-Ohio-4947, ¶ 16-17 (uncontroverted affidavit established statutory agent relocated to another state and thereby rebutted the presumption of proper service).  The Pennsylvania statute relied on by Appellee deals with a registered address of the business, without similarly requiring an agent.  *See* 15 Pa. C.S. 1507(a) ("Every business corporation shall have and continuously maintain in this Commonwealth a registered office which may, but need not, be the same as its place of business"), (b)-(c) (changes to registered address).

**{¶27}** Appellee speaks of credibility determinations being left to the trial court.  However, the law on this topic generally anticipates a credibility determination after the plaintiff produces evidence showing the defendant's affidavit is untruthful or after the court hears testimony at a hearing.  *See, e.g., Runyon*, 9th Dist. No. 17CA011141 at ¶ 41-42; *Ross*, 7th Dist. No. 09 MA 95 at ¶ 18-21 (and distinguishing cases where service was at the defendant's admitted residence from cases where the defendant was no longer sufficiently connected to the address); *Jefferson Cty. Treasurer v. Brown*, 7th Dist. Jefferson No. 04 JE 30, 2005-Ohio-2933, ¶ 27-28.  The affidavit of Appellee's counsel did not counter Mr. Swank's statement on his residence.  Appellee did not utilize the hearing on the motion to vacate to present testimony, such as by cross-examining Mr. Swank, who was present.  Additionally, the trial court's decision did not appear to be based on credibility.  Rather, the court emphasized Appellee's compliance with the Civil Rules on service (approving of the undisputed reasons for choosing the addresses used for service while alluding to neglect in address change procedures).

**{¶28}** Appellee quotes from a Supreme Court case stating the issue with non-receipt of summons "was not with the address used by the clerk of court, but with [the defendant's] own handling of its incoming mail." *Samson Sales, Inc. v. Honeywell, Inc.*, 66 Ohio St.2d 290, 294, 421 N.E.2d 522, 523 (1981) (holding a court does not lack jurisdiction merely because the summons was not addressed to a specific person or agent of the corporation). Appellee believes the quoted observation is comparable to Royal Flush failing to change the registered address of the corporation. However, there was no dispute the corporate defendant in *Samson Sales* was served at its *usual place of business. Id.* (or that its employee signed the certified mail receipt).

**{¶29}** We recognize "a person subjected to certified-mail service cannot dodge service through negligence in attending to the mail." *Gaston*, 133 Ohio St.3d 18 at ¶ 19. Therefore, where the defendant was served at the correct residential address but claimed he did not receive the certified mailing after the person he lived with signed for it, the Supreme Court concluded the defendant did not rebut the presumption of service because he did not show he was "prevented from knowing what he would have known had he exercised proper diligence in attending to the mail that was received at his very own residence." *Id.* at ¶ 21, citing *New Co-Operative*, 10th Dist. No. 01AP-1124 (applying an abuse of discretion standard of review).

**{¶30}** However, the present case is distinguishable, as the address used by Appellee for each party was not admitted to be their correct addresses. Regarding Royal Flush, the fact that the Pennsylvania Department of State was not immediately notified of a change of registered address does not per se doom the corporation's attempt to rebut the presumption of service by a certified mail receipt being signed by someone at the former address. *See generally Runyon*, 9th Dist. No. 17CA011141 at ¶ 25-33; *Hunt*, 12th Dist. No. CA2020-02-025 at ¶ 16-17. Royal Flush showed it instituted an official change of address in order to have mail forwarded from the address in Carmichaels (which it had registered with the Department of State) to its new address. This was performed because Royal Flush no longer utilized the premises it owned and would no longer be receiving mail there as they were about to lease the premises to a tenant. Notably, they continued to retrieve mail at the registered address even after vacating the premises they owned, *until* they obtained a tenant at which point they contacted the postal service. Royal Flush

Case No. 21 BE 0037

submitted the change of address request *more than a month before the certified mailing was sent* by Appellee to the Carmichaels address, and the postal service's confirmation said it would take effect in 7 to 10 postal business days. This negated any general allusion to neglect in attending to mail at the registered address.

**{¶31}** Ownership of a building does not equate with a usual place of business, especially under these circumstances. Evidence on relocation due to displacement by a tenant was permissible and uncontradicted. Royal Flush demonstrated it no longer operated or received mail at the address and the tenant was not an agent who could impart unrebuttable notice on Royal Flush. We also note the 2017 two-year lease with Appellee had been over for two years by the time the 2021 complaint was filed, and Appellee fails to demonstrate an obligation to update a mailing address listed in expired leases. We conclude the presumption of service on Royal Flush was rebutted, and Appellee's reply showing the registered address did not counter the factual attestations.

**{¶32}** As to Mr. Swank, he attested to moving from the address in the personal guarantee, at which time he stopped receiving mail at that address. This move occurred *three years before the lawsuit was filed* against him. A defendant is permitted to contradict the record showing service and prove the place of service was not in fact his usual place of residence. *Gaston*, 133 Ohio St.3d 18 at ¶ 14, 18, fn.2; *Lincoln Tavern*, 165 Ohio St. at 64. A person is not precluded from arguing he is no longer associated with the residence of service merely because a prior contract with the plaintiff contained the address where he lived at the time of contract.

**{¶33}** At the hearing, counsel informed the court Mr. Swank changed his address when he moved but did not keep documentation after all that time; regardless of the issue of factual presentation through arguments, this comment alluded to the time limitations on the effectiveness of postal address changes. The comments by Appellee and the trial court about a lack of documentation to show Mr. Swank changed his address with the post office fail to recognize that Mr. Swank moved *three years before Appellee filed the complaint* or to consider the limits on the time mail will continue to be forwarded. Mr. Swank was present at the hearing on the motion to vacate but was not called to testify by his attorney *or by Appellee*. Mr. Swank's attestation about his 2018 move from his former

address was not factually contradicted by Appellee. Mr. Swank rebutted the presumption of service, and no evidence was presented to counter his sworn statement.[3]

**{¶34}** Under the circumstances of this case, there was not sufficient evidence to rebut the defense affidavit, and the trial court's decision was unreasonable and arbitrary. Appellants were thus entitled to have the default judgment vacated due to a failure of service and resulting lack of personal jurisdiction. Accordingly, their first assignment of error is sustained, and the default judgment is vacated as void for lack of personal jurisdiction. Appellant's second assignment of error on the damage calculation, presented only in the alternative, is therefore moot.

**{¶35}** For the foregoing reasons, the trial court's judgment is reversed, the default judgment is vacated, and the case is remanded for the trial court to grant the request for leave to file an answer.


Donofrio, P J., concurs.

Waite, J., concurs.

---

[3] Even if the facts had been sufficiently challenged, we note the timing of the motion to vacate default judgment, which was filed *before the scheduled hearing* on damages, bolstered the credibility of the affiant.

Case No. 21 BE 0037

_____

For the reasons stated in the Opinion rendered herein, it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is reversed, and the default judgment is vacated. We hereby remand this matter to the trial court to grant the request for leave to file an answer according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**