[Cite as *Vinebrook Homes, L.L.C. v. Matlock*, 2023-Ohio-478.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

VINEBROOK HOMES LLC                 :
                                    :
         Appellant                  :    C.A. No. 29600
                                    :
v.                                  :    Trial Court Case No. 22 CVR 3185
                                    :
TAYLOR MATLOCK, ET AL.              :    (Civil Appeal from Municipal Court)
                                    :
         Appellees                  :
                                    :

. . . . . . . . . . .

O P I N I O N

Rendered on February 17, 2023

. . . . . . . . . . .

LAURENCE A. LASKY, Attorney for Appellant

TAYLOR MATLOCK, Pro Se Appellee

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} Appellant Vinebrook Homes, LLC, appeals from a judgment of the Dayton Municipal Court, which awarded Appellees Taylor Matlock and Michael Mullins money from escrowed rent and reduced their rent by 50% until Vinebrook met certain conditions.

For the reasons that follow, the judgment of the trial court will be vacated.

###### I.       Facts and Procedural History

{¶ 2} In the summer of 2022, Matlock and Mullins were tenants of Vinebrook Homes, living at a property on Gebhart Avenue in Dayton. According to the record, the property had major structural and environmental issues which rendered the back half of the property unsafe and uninhabitable. An engineer's report (presented as an exhibit at the transcribed hearing) noted that a large sinkhole had developed under the rear deck and paved patio at the rear of the house, and he represented that a concrete retaining wall on the property had failed, resulting in a 45-foot section that had "tilted severely into the alley." The report concluded that the house itself was habitable, but the back half of the property – beginning as soon as one would step out of the back door – was unsafe.

{¶ 3} Matlock and Mullins made Vinebrook aware of the problem, but the issues persisted. Consequently, on June 28, 2022, Matlock and Mullins filed an action to escrow the rent with the Dayton Municipal Court. The court's docket indicates that on July 27, 2022, service of the complaint was attempted on Vinebrook via certified mail; however, the letter was returned as "not deliverable as addressed." The docket also indicates that on August 16, 2022, the trial notice was returned as "undeliverable" for the same reason.

{¶ 4} Nevertheless, Matlock and Mullins appeared before the magistrate for a hearing on August 15, 2022.   No one representing Vinebrook was present. The next day, the magistrate issued a decision in which she found that the condition of the premises was "one half uninhabitable" and reduced the rent by 50% to "offset the lack of use of the rear portion of the premises." In addition, Matlock and Mullins were awarded $300 of the

escrow funds for the cost of an engineer's report used as evidence, and half of the funds were released "for the condition of the premises for both months escrowed, for a total of $1,305." In all, Matlock and Mullins were awarded $1,605. The trial court adopted the magistrate's decision on August 16, 2022, although it was not officially journalized until August 18.

{¶ 5} Vinebrook has filed this appeal raising one assignment of error.

## II. Jurisdiction

{¶ 6} In its lone assignment of error, Vinebrook argues that the trial court's judgment should be set aside because it did not have jurisdiction. We agree.

{¶ 7} To render a valid judgment, a trial court must have personal jurisdiction over a defendant. *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). The court may obtain personal jurisdiction via service of process, voluntary appearance, or waiver. *Id.* "[T]he Supreme Court of Ohio has made it very clear that the plaintiff has the sole burden of perfecting service. If service is not perfected, the trial court lacks personal jurisdiction over the defendant and the action is not commenced." *Fin. Freedom Aquisition, L.L.C. v. Heirs of Thomas*, 2d Dist. Montgomery No. 25047, 2012-Ohio-3845, ¶ 10. A judgment rendered without proper service or entry of appearance is void. *Blon v. Royal Flush Inc.*, 2022-Ohio-1958, 191 N.E. 3d 505, ¶ 15 (7th Dist.).

{¶ 8} In this case, the court's docket makes it clear that Vinebrook was not served with the complaint. On July 27, 2022, the docket reveals that service of the rent escrow application, which was sent by certified mail, was "Returned – Unserved – Not Deliverable As Addressed to Vinebrook Homes, LLC – Plaintiff was Unsuccessful." Similarly, the "trial

notice" was journalized as "Not Deliverable As Addressed" on August 16, 2022. According to the court's official docket, Vinebrook was not served the complaint or the trial notice. That Vinebrook was not represented at the August 15 hearing gives further credence to that position. In fact, it appears that the first document that was successfully served upon Vinebrook was the trial court's final appealable order on August 18, 2022.

{¶ 9} The record indicates that Vinebrook was not given proper service of the suit and did not voluntarily appear in court or waive service. We conclude, then, that the trial court lacked jurisdiction over Vinebrook, and the judgment rendered against it is void.

{¶ 10} Vinebrook's assignment of error is sustained.

**III.     Conclusion**

{¶ 11} The judgment of the trial court will be vacated.

. . . . . . . . . . . . .


WELBAUM, P.J. and LEWIS, J., concur.