[Cite as *Monogram Credit Card Bank of GA v. Yoakum*, 2023-Ohio-546.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

MONOGRAM CREDIT CARD BANK
OF GEORGIA

      Appellee

v.

CHRIS YOAKUM

      Appellant

:
:
:
:
:
:
:
:
:
:
:

C.A. No. 29533

Trial Court Case No. 99CVF677

(Civil Appeal from Municipal Court)

. . . . . . . . . . .

O P I N I O N

Rendered on February 24, 2023

. . . . . . . . . . .

ERIC S. PETERSON, Attorney for Appellee

JOHN A. FISCHER, Attorney for Appellant

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Chris Yoakum, now known as Kayleigh Fischer, [1] appeals from the trial court's order reviving a 1999 judgment of Plaintiff-Appellee

---

[1] For purposes of consistency with the trial court record, we will refer to Kayleigh Fischer in this opinion by her former name, Chris Yoakum.

Monogram Credit Card Bank of Georgia ("Monogram"). For the reasons that follow, we reverse the judgment of the trial court and remand the matter for an evidentiary hearing.

I.      Facts and Course of Proceedings

{¶ 2} On January 21, 1999, Monogram filed a Complaint for Money in the Dayton Municipal Court against Chris Yoakum seeking payment on an account. Monogram listed Yoakum's address as 231 Lookout Avenue, Dayton, OH 45417-1934. The domestic return receipt from the United States Postal Service showed that a copy of the complaint had been delivered to that address on January 23, 1999, and signed for by "June Roberts." On March 12, 1999, Monogram filed a motion for default judgment, which was granted that same day by the trial court.

{¶ 3} On March 15, 2022, Monogram filed a motion to revive judgment against Yoakum. On June 13, 2022, after hiring legal counsel, Yoakum filed a motion to vacate the 1999 default judgment. Attached to the motion was an affidavit signed by Yoakum. According to the affidavit, Yoakum had legally changed her name to Kayleigh Fischer in 1993, well before the filing of the complaint by Monogram in 1999. Further, Yoakum stated that she had never lived at the address to which Monogram sent a copy of the complaint in 1999. Yoakum explained that her address in 1999 was 118 Lower Hillside Drive, Bellbrook, OH 45305. She also stated that prior to April 2022, she had never received notice of the 1999 complaint filed against her and had never received notice of the default judgment that was granted. She did receive notice in April 2022 of Monogram's motion to revive a default judgment and immediately contacted an attorney

to represent her.

{¶ 4} On June 23, 2022, the trial court granted Monogram's motion to revive the 1999 judgment. According to the trial court, "the Judgment Debtor has been duly served with notice of the revivor herein before made and has failed to show sufficient cause why the said judgment should not be revived." The trial court did not mention Yoakum's motion to vacate the 1999 default judgment. Yoakum filed a timely notice of appeal from the trial court's order.

II.     The Trial Court Should Have Held A Hearing To Determine Whether Yoakum
        Had Received Proper Service of Process in 1999

{¶ 5} Yoakum raises the following two assignments of error:

THE TRIAL COURT ERRED BY FAILING TO VACATE THE DEFAULT JUDGMENT ENTERED AGAINST MS. FISCHER

THE TRIAL COURT ERRED BY FAILING TO HOLD A HEARING, TAKE TESTIMONY, AND RECEIVE EVIDENCE REGARDING WHETHER MS. FISCHER RECEIVED NOTICE OF THE LAWSUIT.

{¶ 6} Yoakum contends that "[b]ecause [she] was never properly served, the trial court never obtained jurisdiction over her person and, consequently, the default judgment entered by the trial court was void as a matter of law." Appellant's Brief, p. 1. She relies on the affidavit in support of her motion to vacate the 1999 judgment to establish that she never received service.

{¶ 7} "It is axiomatic that for a court to acquire jurisdiction there must be a proper

service of summons or an entry of appearance, and a judgment rendered without proper service or entry of appearance is a nullity and void." *Lincoln Tavern, Inc. v. Snader*, 165 Ohio St. 61, 64, 133 N.E.2d 606 (1956). "A party who can show a judgment is void need not meet the requirements for vacating a voidable judgment in Civ.R. 60(B) and can rely on the trial court's inherent authority to vacate a void judgment." *Blon v. Royal Flush, Inc.*, 2022-Ohio-1958, 191 N.E.3d 505, ¶ 15 (7th Dist.), citing *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph four of the syllabus.

{¶ 8} "The plaintiff bears the burden of ensuring proper service." *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 63, 705 N.E.2d 408 (1st Dist.1997), citing *Maryhew v. Yova*, 11 Ohio St.3d 154, 464 N.E.2d 538 (1984). "Without evidence to the contrary, the defendant's address used by the plaintiff in the complaint will be assumed to be a place where the defendant will receive service of process." *Emge* at 63, citing *Bank One Cincinnati, N.A. v. Wells*, 1st Dist. Hamilton No. C-950279, 1996 WL 526702 (Sept. 18, 1996). "Where the plaintiff follows the civil rules governing the service of process, the service is presumed to be proper unless the defendant rebuts the presumption with sufficient evidence of nonservice." (Citations omitted.) *Capital One Bank (USA) NA v. Smith*, 2020-Ohio-1614, 154 N.E.3d 240, ¶ 14 (8th Dist.).

{¶ 9} In *Capital One Bank*, the Eighth District noted that a defendant may rebut the presumption by swearing under oath that she did not reside at the address to which process was sent. If the trial court finds that testimony credible, it then is incumbent upon the plaintiff to produce evidence demonstrating that defendant resided at the address in question. *Id.* at ¶ 17. According to the Eighth District, "[w]here the defendant's sworn

statement that he or she never received the complaint is uncontested by the plaintiff, it is reversible error for the trial court to disregard it." (Citations omitted.) *Id.* at ¶ 18.

{¶ 10} In a situation like the one before us where the defendant submits a sworn statement that she did not receive service of the complaint, the trial court should not have summarily denied or ignored Yoakum's motion claiming a lack of jurisdiction without holding a hearing to accept evidence on the validity of her sworn statement. *Bailey v. Toopes*, 2d Dist. Miami No. 1994-CA-13, 1994 WL 527825, *2 (Sept. 30, 1994); *Capital One Bank* at ¶ 18. Our decision comports with the basic tenet in Ohio law that whenever possible, cases should be decided on their merits.

{¶ 11} The second assignment of error is sustained. Yoakum is entitled to a hearing at which the trial court will accept evidence to help determine whether there was proper service of process in 1999. Until both parties have had an opportunity to present evidence at the hearing and the trial court has had an opportunity to assess the credibility of any witnesses at the hearing, it would be inappropriate for us to analyze whether the trial court should have vacated the 1999 judgment. Therefore, the first assignment of error is overruled.

III.     Conclusion

{¶ 12} Having sustained the second assignment of error, the judgment is reversed, and the matter is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

WELBAUM, P.J. and EPLEY, J., concur.