[Cite as *Youngstown City Demolition v. Rainy Day Rentals, Inc.*, 2023-Ohio-3601.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

CITY OF YOUNGSTOWN CITY DEMOLITION,

Plaintiff-Appellee,

v.

RAINY DAY RENTALS, INC. aka RAINY DAY RENTALS
INCORPORATED,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0112**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2022 CV 00898

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Samuel F. Jordan*, Millstone & Kannensohn, 972 Youngstown Kingsville Rd SE, P.O. Box 860, Vienna, Ohio  44473, for Plaintiff-Appellee

*Atty. Bruce M. Broyles*, 1379 Standing Stone Way, Lancaster, Ohio  43130, for Defendant-Appellant

Dated:  September 29, 2023

---

**WAITE, J.**

{¶1} Appellant Rainy Day Rentals, Inc. ("RDR") appeals from a Mahoning County Court of Common Pleas decision denying its motion to vacate default judgment on grounds of lack of personal jurisdiction. After demolishing a condemned building owned by RDR, Appellee City of Youngstown ("City") filed suit against RDR to recover demolition costs. Notice was sent to RDR's commercial building on South Avenue in Youngstown. RDR failed to respond to the City's complaint and the court entered default judgment. RDR filed a motion to vacate judgment, arguing that service to its commercial building was improper and that the court lacked personal jurisdiction. The motion was overruled. The record reflects that the City served the complaint at RDR's place of business, that the City was entitled to a presumption of proper service, and that RDR did not rebut that presumption. RDR's assignment of error is without merit, and the trial court's judgment overruling the motion to vacate is affirmed.

## Case History and Facts

{¶2} In 2015, RDR acquired real estate at 1119 Bryson Street, Youngstown, Ohio 44505. A structure stood on that property. On February 9, 2017, the City condemned the structure, posted a notice to remove or repair it, and mailed notice via certified mail to RDR. RDR did not respond to the notice. On August 8, 2019, the City Fire Chief determined that the structure was vacant and a public hazard, and ordered its demolition. The City demolished the structure on October 30, 2019.

{¶3} The City filed a complaint in the Mahoning County Court of Common Pleas against RDR to collect the costs associated with the Bryson Street demolition pursuant to Youngstown Codified Ordinance 1525.06(b)(2). The City sought recovery of $59,500.

{¶4} The City ascertained that the address of the statutory agent for RDR, Jamie Bell, as registered with the Ohio Secretary of State was 4128 McGuffey Road, Lowellville, Ohio 44436. The City sent a demand letter to this Lowellville address before filing its complaint, however, the Postal Service returned the demand letter, noting that the house was vacant. The City sent a second demand letter prior to filing its complaint to 3006 South Avenue, Youngstown, Ohio 44502, because it was the only commercial building that RDR owned. The Postal Service successfully delivered that letter. RDR did not respond.

{¶5} The City then filed its complaint on May 25, 2022, and directed the clerk to mail service to the South Avenue address. On June 1, 2022, the Postal Service completed delivery and returned a receipt with "RDR" written on the signature line. The Clerk of Courts accepted this receipt as completion of service.

{¶6} The City filed for default judgment on July 20, 2022. A day later, on July 21, 2022, the court entered default judgment. On August 15, 2022, RDR filed a motion seeking to vacate judgment on the grounds that the court lacked personal jurisdiction, alleging the City improperly served RDR. RDR also filed a motion for relief from judgment, arguing that its failure to respond was the product of excusable neglect. The court denied both of RDR's motions on September 23, 2022, finding that service was sufficient and that RDR failed to show excusable neglect. On October 24, 2022, RDR filed a timely appeal of the denial of its motion to vacate. It did not appeal denial of its motion for relief from judgment. Appellant raises one assignment of error on appeal.

Case No. 22 MA 0112

Standard of Review

{¶7} The parties disagree on the applicable standard of review. RDR argues for de novo review. The City argues that the abuse of discretion standard applies. Both parties are actually correct. A trial court's ruling on a question of personal jurisdiction is reviewed de novo as a question of law. *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551, 930 N.E.2d 784, ¶ 27; *In re Guardianship of Thomas*, 7th Dist. Monroe No. 06MO7, 2008-Ohio-2409, ¶ 24. However, a trial court's findings regarding whether service was proper are reviewed for abuse of discretion. *Blon v. Royal Flush, Inc.*, 7th Dist. No. 21 BE 0037, 2022-Ohio-1958, 191 N.E.3d 505. Because the facts are not in dispute in this appeal, our standard of review here is *de novo*.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN FINDING THAT APPELLEE SUFFICIENTLY COMPLIED WITH SERVICE AND THAT THE COURT HAD PERSONAL JURISDICTION OVER APPELLANT RAINY DAY RENTALS, INC.

{¶8} Appellant seeks to have the court of common pleas' entry of default judgment against it vacated. It contends that the City failed to serve RDR in accordance with the Rules of Civil Procedure and that this failure deprived the court of common pleas of personal jurisdiction over RDR and the power to enter default judgment against RDR.

{¶9} RDR argues that the City is not entitled to the presumption of proper service that attends the return of a signed Postal Service receipt because the City failed to comply with the Rules of Civil Procedure. RDR argues service was not made to one of its usual

places of business; instead, the City attempted service at the South Avenue address, which RDR merely owned. Mere ownership, RDR claims, is insufficient. Likewise, it argues there is no evidence that the City completed service to RDR's statutory agent or any of its officers, managers, or general agents. While the recipient of service at the South Avenue address signed "RDR" on the signature line, the recipient left blank the boxes intended to indicate whether they were an agent or addressee. RDR claims there is no evidence that one of its agents accepted service. Further, the City elected to mail service to the South Avenue address instead of attempting service to the statutory agent's address, which, RDR claims (incorrectly) is 4158 McGuffey Road, Lowellville, Ohio 44436. Thus, according to RDR, service was improper and the court of common pleas lacked personal jurisdiction. RDR concludes that the court's judgment is void, and its decision to deny its motion to vacate was error.

{¶10} Conversely, the City argues that the court of common pleas obtained personal jurisdiction over RDR when the City completed service of the complaint at the South Avenue address, as evidenced by the signed return receipt. Therefore, the court had the power to enter default judgment. The City concludes that default judgment against RDR was appropriate and should be affirmed.

{¶11} The City asserts it is entitled to the presumption of proper service because it mailed service to the only commercial building owned by RDR, which it claims is one of RDR's usual places of business, and received a signed return receipt from that address with "RDR" written on the signature line. In other words, because the City complied with the Rules of Civil Procedure, RDR had the burden of demonstrating some deficiency in service. The City argues that RDR failed to produce evidence sufficient to meet that

– 6 –

burden. RDR offered no affidavits or relevant business records to contest the fact that the South Avenue address is one of its usual places of business.

**{¶12}** In order to render valid judgment against a defendant, a court must obtain personal jurisdiction over that defendant. *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). Personal jurisdiction may arise by service of process, the defendant's voluntary appearance and submission to the power of the court, or by some conduct of the defendant that waives any personal jurisdiction defense. *Id.* When the defendant does not voluntarily appear and does not waive the defense of failure of personal jurisdiction through its conduct, any judgment entered absent proper service of process is void ab initio. *Lincoln Tavern, Inc. v. Snader*, 165 Ohio St. 61, 64, 133 N.E.2d 606 (1956). This principle is rooted in the common law. The power of a court to vacate a judgment rendered without personal jurisdiction is "an inherent power possessed by Ohio courts." *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1998), paragraph four of the syllabus.

**{¶13}** Service of process on a corporation is controlled by Civ.R. 4.2(F). In Ohio, service on a corporation may be made in several ways: by serving the corporation's statutory agent, by serving the corporation at any of its usual places of business, or by serving an officer, managing agent, or general agent of the corporation. Civ.R. 4.2(F).

**{¶14}** When a plaintiff complies with the Rules of Civil Procedure, a rebuttable presumption of proper service exists. *In re Guardianship of Thomas*, 7th Dist. Monroe No. 06MO7, 2008-Ohio-2409, ¶ 25. We have previously held that "[w]here a notice is sent by registered mail, with a return receipt requested, and thereafter a signed receipt is returned, a prima facie case is established of the fact of delivery of such notice to such

address." *Tripodi v. Liquor Control Comm.*, 21 Ohio App.2d 110, 112, 255 N.E.2d 294 (7th Dist. 1970). Under Civ.R. 4.1, service by certified mail is "[e]videnced by return receipt signed *by any person* * * *." (Emphasis added.) Civ.R. 4.1(A)(1). So long as the postal receipt is signed and returned, service is effective "even if not delivered to the defendant or to a person authorized by appointment or by law to receive service of process for defendant." *Samson Sales, Inc. v. Honeywell, Inc.*, 66 Ohio St.2d 290, 293, 421 N.E.2d 522 (1981).

{¶15} Apart from securing a signed return receipt, a plaintiff must ensure that service was made to an appropriate location. "A partnership is duly served at its 'usual place of business' when such notice is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *United Fairlawn*, *Inc. v. HPA Partners*, 68 Ohio App.3d 777, 781, 589 N.E.2d 1344, quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1949). While *Fairlawn* dealt with a partnership and not a corporation, Civ.R. 4 employs the same "usual place of business" language for both. See, e.g., Civ.R. 4.2(F) (governing service on corporations); Civ.R. 4.2(H) (governing service on partnerships); 1 Baldwin's Oh. Prac. Civ. Prac. § 4.1:15 (2022) ("[P]recedent under those Rules presumably may be used by analogy under Civ.R. 4.2(F) and vice versa.").

{¶16} Thus, the presumption of proper service arises when a plaintiff makes service to a corporate location reasonably calculated to apprise the corporation of the pendency of the action, and when the Postal Service returns a receipt signed by any person from that location. Once this presumption is established, it is incumbent on the

defendant to provide evidence demonstrating failure of service or improper service. *Blon*, 2022-Ohio-1958, 191 N.E.3d 505, ¶ 18.

**{¶17}** The City directed the clerk to mail service to the South Avenue address, which was the only commercial address owned by RDR. The recipient of service at South Avenue signed the return receipt with RDR's initials. The clerk then accepted this return receipt as completion of service. These facts are not disputed. It does not palpably and grossly violate fact and logic to find that the only commercial address owned by a corporate party is a usual place of business within the meaning of the Civ.R. 4, and that a return receipt signed with the corporation's initials indicates that the corporation accepted service. The City complied with the Rules of Civil Procedure, obtained a signed return receipt, and was therefore entitled to the presumption of proper service.

**{¶18}** Additionally, the City's efforts were reasonably calculated to apprise RDR of the pendency of the action. The City resorted to the South Avenue address only after learning that the address for RDR's statutory agent that was registered with the Secretary of State—1428 McGuffey Road (and *not* 1458 McGuffey Road, as Appellant claims)— was an abandoned building. The Postal Service could not complete service there as the building was visibly vacant. In short, the City's pre-litigation attempts to contact RDR's statutory agent at the registered address proved futile, whereas its attempts to contact RDR at the South Avenue address via demand letter were apparently successful. This indicates that the South Avenue address is a location where RDR receives mail.

**{¶19}** RDR relies on our recent opinion in *Blon* that "[o]wnership of a building does not equate with a usual place of business," to argue that the City is not entitled to the presumption of proper service. *Blon, supra,* at ¶ 31. However RDR misapplies *Blon*.

Case No. 22 MA 0112

Similar to the instant appeal, the plaintiff in *Blon* successfully established the presumption of proper service. *Id.* at ¶ 16. The parties agreed that plaintiff complied with the Rules of Civil Procedure by sending service via certified mail to one of defendant's usual places of business. *Id.* The question was whether the corporate defendant overcame the presumption of proper service by showing that it no longer operated at that location. *Id.* at ¶ 17. This Court ultimately held that the defendant did overcome the presumption. *Id.* at ¶ 34-35. The defendant offered unrebutted evidence that it no longer conducted business at the address where the plaintiff attempted service. *Id.* at 31. More than a month before service, the defendant registered a change of address and ceased receiving mail at the old address. *Id.* at ¶ 30. The defendant also offered unrebutted evidence to establish that no one present at the old address was an agent of the corporation authorized to receive service. *Id.* The fact that the corporation merely owned the building was one of many factors this court considered. *Id.*

**{¶20}** *Blon* is factually distinguishable from the matter before us. Where the corporate defendant in *Blon* offered uncontested affidavits to demonstrate that it did not conduct business at the address where the plaintiff mailed service, RDR made no attempt to rebut the notion that the South Avenue location is one of its usual places of business. RDR owned the South Avenue address, which is its only commercial address. The return receipt was signed "RDR," and service was accepted there. RDR eventually responded to the complaint, revealing that it does receive mail at that location. Unlike *Blon*, this record factually supports the conclusion that South Avenue was at least one of RDR's usual places of business.

**{¶21}** Other than the unsupported and conclusory statement that the City lacks evidence that RDR conducts business at the South Avenue address, RDR offers no evidence to rebut the presumption that service was perfected in this case. Accordingly, RDR's sole assignment of error is overruled.

## Conclusion

**{¶22}** RDR appeals the trial court's decision denying its motion to vacate default judgment on grounds the court lacked personal jurisdiction. The record reveals notice was sent to RDR's commercial building on South Avenue in Youngstown, and a signed receipt with RDR's initials was returned to the clerk of courts office. RDR failed to respond to the complaint and default judgment was entered. RDR filed a motion to vacate judgment, arguing that service to its commercial building was improper and that the court lacked personal jurisdiction. This record shows that the City served the complaint at RDR's place of business, was entitled to a presumption of proper service, and that RDR did nothing to rebut that presumption. The trial court's judgment overruling the motion to vacate is affirmed.

Robb, J. concurs.

D'Apolito, P.J. concurs.

Case No. 22 MA 0112

—————————

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.


**JUDGE CHERYL L. WAITE**


**JUDGE CAROL ANN ROBB**


**JUDGE DAVID A. D'APOLITO**



## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**